UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:13-CR-423 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| DANIEL JAMES BARNES, | |
| Defendant(s). | |

Presently before the court is defendant Daniel Barnes's motion *in limine* to preclude government evidence of text messages, Facebook data and Redbook advertisements. (Doc. # 116). The government has not filed a response, and the deadline to respond has passed.

**I.     Background**

On October 15, 2014, the government filed a superseding indictment against the defendant, charging one count of transporting a minor for prostitution, in violation of 18 U.S.C. § 2423(a), one count of trafficking of a child, in violation of 18 U.S.C. § 1591(a)(1)-(2), and one count of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a). (Doc. # 84).

The government contends that defendant transported J.M., a minor, from Las Vegas, Nevada to California, intending to engage her in acts of prostitution. The government further contends that the defendant produced sexually explicit visual depictions of the minor.

Defendant pleaded not guilty to all counts. (Doc. # 97). The case is currently scheduled for a jury trial to begin on August 24, 2015. (Doc. # 144). In anticipation of trial, the defendant filed the instant motion *in limine* to preclude evidence. (Doc. # 116).

. . .

**James C. Mahan
U.S. District Judge**

## II. Legal Standard

*a. Motion in limine*

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

Courts are generally reluctant to grant broad exclusions of evidence in limine, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.,* 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Conboy v. Wynn Las Vegas, LLC*, No. 2:11-CV-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. April 18, 2013). To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See Koch,* 2 F. Supp. 2d at 1388; *cf. Luce,* 469 U.S. at 41.

"[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. *Conboy*, 2013 WL 1701069, at *1.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

*b. Authentication*

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

*c. Relevance*

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Further "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence is admissible if the government can establish it goes to other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake. Fed. R. Evid. 404(b)(2).

**III.    Discussion**

Defendant requests a pretrial ruling on the admissibility of certain evidence. Defendant moves to exclude text messages allegedly sent between defendant and J.M. from April 20, 2013, to May 6, 2013. (Doc. # 116). Defendant also moves to exclude Facebook data. (*Id.*). Finally, defendant moves to exclude evidence of Redbook.com advertisements. (*Id.*). The defendant's primary assertion is that the aforementioned evidence cannot be authenticated. Defendant also raises questions of process, relevancy, and prejudice.

*a. Text messages*

Defendant asks the court to exclude government evidence of text messages stored on J.M.'s phone. The text messages are between J.M., "YD," and "Christy." "YD" is a stored contact in J.M.'s phone with an associated phone number of (209) 354-0792. "Christy" is a stored contact in

J.M.'s phone with an associated phone number of (209) 354-6449. Defendant admits that when police ran a records check on phone number (209) 354-0792, it was linked to Barnes's name.

Defendant argues that the government will not be able to authenticate who sent the text messages to J.M. Defendant asserts that even if the phone number belonged to defendant, the portable nature of cell phones make it impossible to determine whether defendant sent any of the text messages. Finally, defendant claims that the evidence is unduly prejudicial and should be excluded under Federal Rule of Evidence 403.

Defendant argues that the government does not have evidence to link defendant to the text messages. Defendant does not present adequate evidence to warrant exclusion of the evidence at this time. Further, insofar as defendant objects to the evidence on grounds of unfair prejudice, defendant has not made a strong enough showing that the potential for unfair prejudice outweighs the probative value of the messages. The messages appear to be communications among "YD," "Christy," and J.M. about prostitution, which is directly relevant to the charge at issue. Defendant's motion *in limine* to exclude the text messages will be denied.

*b. Facebook data*

Defendant asks the court to exclude government evidence of Facebook posts, messages and photos. Defendant claims the government has "thousands" of Facebook posts, photos and messages that it may use as evidence at trial.

Defendant argues that the Facebook account's owner cannot be accurately determined, and, even if it can, the government cannot authenticate any of the information posted on the website as coming directly from Barnes.

Defendant cites cases holding that the proponents of social media evidence did not present an adequate foundation to authenticate their evidence. *See, e.g.*, *United States v. Jackson*, 208 F.3d 633, 638 (7th Cir. 2000); *State v. Eleck*, 23 A.3d 818, 824 (Conn. App. Ct. 2011); *Commonwealth v. Williams*, 456 Mass. 857, 868-69 (2010). The defendant fails to cite any controlling case law. Further, this court cannot find a case that holds Facebook data is *de facto* incapable of authentication.

Defendant continues that even if the evidence can be authenticated, the government has not provided adequate notice of other acts evidence under Federal Rule of Evidence 404(b) that it intends to use at trial relating to the Facebook posts. (*See* Doc. # 116 at 11) (citing *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999)).

"[T]he notice requirement in Rule 404(b) is not triggered until the accused makes a request." *Vega*, 188 F.3d at 1154; *accord U.S. v. Benvin*, No. 3:11-CR-99-RCJ-WGC, 2013 WL 2154390 at *2 (D. Nev. May 17, 2013). Defendant does not assert that he made such request, and the court is not aware of any such request. Therefore, defendant does not show that the government currently has a responsibility to provide rule 404(b) notice of evidence of other acts that it intends to use at trial. Accordingly exclusion of the Facebook evidence on this ground is without merit.

Finally, defendant contends that the Facebook information is irrelevant and prejudicial, and should be excluded under Federal Rules of Evidence 402, 403, and 404(b). Defendant argues that the Facebook data is irrelevant character evidence relating to other acts. Defendant asserts that the government intends to use the Facebook data to paint him in a bad light.

Defendant asks for a blanket exclusion of "thousands" of Facebook posts as irrelevant and prejudicial. However, defendant offers no more than conclusory statements as to the Facebook data's content and admissibility. No Facebook data is attached to defendant's motion or therein described in any level of detail. The court declines to grant a broad exclusion of evidence through a motion *in limine* based on vague and conclusory allegations. *See Conboy*, 2013 WL 1701069, at *1. The court will deny defendant's motion *in limine* to exclude Facebook evidence.

*c. Redbook.com advertisements*

Defendant asks the court to exclude Redbook.com advertisements. Redbook.com is a website that connects prostitutes with clients. One advertisement listed a contact number of (209) 354-6449, a number stored in J.M.'s phone as "Christy." Another advertisement, for an unknown black female, listed a contact email paydaboycash@gmail.com. Police cross-referenced the email address with Facebook's database and found a user named "Pay Da Boy Kash" with a profile picture of Barnes.

Based on the foregoing, the court finds that the government may be able to connect Barnes to the Redbook.com advertisements, and the advertisements may be relevant to the charges in the indictment. Therefore, the court will deny defendant's motion *in limine*. *See Koch,* 2 F. Supp. 2d at 1388 (holding that evidence must be clearly inadmissible on all potential grounds to be excluded via a motion *in limine*).

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion in limine to preclude evidence, (doc. # 116), be, and the same hereby is, DENIED.

DATED July 1, 2015.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE