DANIEL G. BOGDEN
United States Attorney
District of Nevada
Allison L. Herr
Special Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada  89101
Phone: 702-388-6336
Fax:  702-388-6020

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-cr-00423-JCM-GWF |
| Plaintiff, | **MOTION IN LIMINE TO BAR EVIDENCE OF THE VICTIMS ALLEGED SEXUAL BEHAVIOR OR SEXUAL PREDISPOSITION PURSUANT TO RULE 403 AND 412** |
| Vs. | |
| DANIEL BARNES, | |
| Defendant. | |

The United States of America, by and through Daniel G. Bogden, United States Attorney and Allison L. Herr, Special Assistant United States Attorney, files this *Motion in Limine* requesting the Court bar defendant from offering evidence relating to the issue of consent by the victim, or to prove that the victim allegedly engaged in other sexual behavior or to prove any purported sexual predisposition of the victim in any manner whether during voir dire, opening statement, witness examination, the introduction of exhibits, or closing argument.

## POINTS AND AUTHORITIES

The defendant, Daniel Barnes is charged by indictment with *Conspiracy to Commit Sex Trafficking of a Child* in violation of 18 U.S.C. §1591(a),(b)(2), and (c), and 1594(c); *Sex Trafficking of a Child* in violation of 18 U.S.C. §1591(a), (b)(2) and (c); *Transportation of a Minor for Prostitution* in violation of 18 U.S.C. §2423(a); and *Conspiracy to Commit Sexual*

*Exploitation of a Child* in violation of 18 U.S.C. §2251(a) and (e). These charges arise out of allegations the defendant while posing as a pimp, exploited a fifteen year old girl by convincing her to work for him as a prostitute, transporting the girl to California and then back to Nevada for the purpose of having her work as a prostitute, and taking sexually explicit photos of the girl that were posted on a notorious website for the purpose of attracting "interest" in her as a prostitute. At trial the Government anticipates calling three witnesses all of whom are now 18 years of age or older, but who were under the age of 18 at the time that they began working as prostitutes for the Defendant.

**I.    ANY EVIDENCE OF CONSENT SHOULD BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE 401 AND 403 BECAUSE CONSENT IS NOT AN ELEMENT OF THE OFFENSES IN THIS CASE AND IS NOT A PROPER DEFENSE**

The defendant should be barred from introducing any evidence or making any argument regarding the victim's consent to travel out of state with the defendant, to prostitute herself or to produce sexually explicit images of her at any point in the trial as the charged conduct does not require proof of the victim's consent or lack of consent.

Rule 401 defines test for relevant evidence as,

(a)   it has any tendency to make a fact more or less probable than it would be without the evidence; and
(b)   the fact is of consequence in determining the action.

Fed. R. Evid. 401. Insofar as consent is not an issue in the elements of any of the charged offenses and is not a legally cognizable defense to any of the charged conduct, evidence of consent should be excluded as it is of no consequence in determining the action.

Even if the victim's consent could be regarded as relevant, such evidence should be excluded under Fed. R. Evid. 403 because it is highly inflammatory and would only serve to confuse the jury and divert the jury from the real issues in the case. Rule 403 provides,

2

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403. To admit evidence of consent would be tantamount to arguing that minors can consent to their own sexual exploitation by others. However, just as a 15 year old cannot consent to sexual intercourse with a 21 year old, neither can a minor consent to being trafficked for commercial sex acts nor to producing child pornography. The victim in this case was 15 years old at the time of the offense. Her consent or lack thereof is not a factor to be considered at trial.

To establish a violation of 18 U.S.C. § 1591(a) or 1594, sex trafficking, attempt sex trafficking or conspiracy to commit sex trafficking, the government need only prove that the defendant knowingly in or affecting interstate commerce, recruited, enticed, harbored, transported, provided, obtained, or maintained a minor, knowing the minor would be caused to engage in commercial sex acts, or that the defendant knowingly benefitted from participation in a venture that did so. There is no requirement that the government prove that these acts were done without the victim's consent or done against her will.

Even leaving aside the victim's status as a minor, the defendant cannot rely on an alleged belief that the victim was a prostitute to bolster a defense that his trafficking of the victim was consensual. Fed. R. Evid. 412(b)(1)(B) permits only evidence of the defendant's past experiences with the victim when consent is in issue. "The rule manifests the policy that it is unreasonable for a defendant to base his belief of consent on the victim's past sexual experiences with third persons, since it is intolerable to suggest that because the victim is a prostitute, she automatically is assumed to have consented with anyone at any time." *United States v. Saunders*, 943 F.2d 388, 392 (4th Cir. 1991). It follows that if a minor had previously committed

3

acts of prostitution, which are by definition sexual acts, such acts are not relevant, and inquiry into or evidence of such acts should not be permitted when consent is not an element or a defense.

Similarly, to establish a violation of 18 U.S.C. § 2423(a) or (e), transportation of minors or conspiracy to transport minors, the government must prove that the Defendant knowingly transported an individual in interstate commerce who was under 18 years of age with the intent that the individual would engage in prostitution. There is no requirement that the government prove that these acts were done without the victim's consent or done against her will. Even if a minor had consented to transportation for prostitution, consent would not constitute a legally valid defense, and would thereby only confuse or mislead a jury. *See United States v. Williams*, 529 F.3d 1, 6 (1st Cir. 2008) *United States v. Lowe*, 145 F.3d 45, 52 (1st Cir. 1998) ("Consent is a defense to kidnapping but not to a Mann Act charge."); *United States v. Jones*, 808 F.2d 561, 565 (7th Cir. 1986) (same); *United States v. Pelton*, 578 F.2d 701, 712(8th Cir. 1978) (consent is not a defense to transportation of a minor for purposes of prostitution in violation of 18 U.S.C. § 2421 nor enticement of a minor to travel for purposes of sexual activity, in violation of 18 U.S.C. § 2422).

Likewise consent is also not a required element for the crime of production of child pornography. In fact, the 18 U.S.C. § 2251 shows that Congress did not intend for consent to be an element of the offense when a person under 18 is caused to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. *See* 18 U.S.C. § 2251(a). Courts of Appeals have consistently excluded evidence, and any defense, regarding a minor victim's intent or consent in connection with sexual exploitation, finding that a minor's intent or consent is neither an element of, nor defense to these offenses, and is therefore not

properly before the jury. *See United States v. Street*, 531 F.3d 703, 708 (8th Cir. 2008)(consent of the minor in the production of child pornography in violation of 18 U.S.C. § 2251 was not a defense and evidence of consent was properly excluded); *See also United States v. Raplinger*, No. 05-CR-49-LRR, 2006 WL 3455266 (N.D. Iowa Nov. 29, 2006) ("By definition, the victim in a sexual exploitation of a minor case is a minor. A minor cannot consent to being sexually exploited."); *United States v. Griffith*, No. 99CR786 (HB), 2000 WL 1253265 (S.D.N.Y September 5, 2000) (consent is not relevant to the offense and is not a defense to production of child pornography). For all these reasons, this Court should bar any evidence relating to consent at any point in the trial.

**II.     RULE 412(a) BARS ADMISSION OF EVIDENCE CONCERNING SEXUAL HISTORY OR PAST BEHAVIOR.**

Fed. R. Evid. Rule 412(a) provides that,

> (a)     Prohibited Uses.  The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct:
>
> (1)     evidence offered to prove that a victim engaged in other sexual behavior; or,
> (2)     evidence offered to prove a victim's sexual predisposition.

"Sexual behavior" as used in this rule includes "all activities that involve actual physical conduct, i.e., sexual intercourse and sexual contact" or that imply sexual intercourse or sexual contact," such as use of contraceptives, birth of an illegitimate child, or diagnosis of venereal disease." Fed. R. Evid. 412, Advisory Committee Notes, Subdivision (a) (1994).

The reference to "sexual predisposition" is "designed to exclude evidence that...the proponent believes may have a sexual connotation for the fact finder," such as "the alleged victim's mode of dress, speech, or lifestyle." *Id.*  According to the advisory committee notes accompanying this section:

> The rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact-finding process. By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders. *Id.*

Rule 412 seeks to protect the victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact-finding process. By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders. *See United States v. Torres*, 937 F.2d 1469, 1472-73 (9th Cir. 1991); *United States v. Roman*, 884 F. Supp. 124, 125 (S.D.N.Y. 1995). The Rule attempts to accomplish these objectives by "barring evidence relating to the alleged victim's sexual behavior or alleged sexual predisposition, whether offered as substantive evidence or for impeachment, except in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim." Fed. R. Evid. 412, Advisory Committee Notes (1994).

There are only three exceptions to this rule, (1) Evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury, or other physical evidence; (2) Evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and (3) Evidence whose exclusion would violate the defendant's constitutional rights. Fed. R. Evid. 412(b).

The first exception is not relevant to this case, as the government does not intend to introduce any evidence of semen, or physical injury to the victim to the victim's genitals. *See generally United States v. White Buffalo*, 84 F.3d 1052, 1054 (8th Cir. 1996) (holding that the

1  defendant cannot rely on this exception when the Government did not introduce any evidence of
2  the presence of semen in the victim).  Likewise the second exception also does not apply as
3  consent is not an element of any of the charged offenses and also is not a valid defense to any of
4  the charged conduct.  *See infra.*

5  Finally, the third exception is not applicable because the exclusion of evidence of prior
6  sexual history does not violate the constitutional rights of the defendant. In *Torres*, the Ninth
7  Circuit affirmed the applicability of Rule 412 in a sex abuse case to bar the defendant from
8  attempting to impeach a victim's truthfulness and showing her capability to fabricate a story
9  through cross-examination regarding a sexual incident that took place approximately six months
10 after the charged offense. *Id.* at 1473. The court noted that this evidence was irrelevant, did not
11 fall within any of the exceptions of Rule 412 and that the trial court thus did not abuse its
12 discretion in barring the defendant from cross-examination on the victim's sexual history. *Id.* at
13 1469-73.

14 In reaching this conclusion, the court again reiterated the notion that the right to cross-
15 examination is not unlimited and that trial judges retain wide latitude insofar as the
16 Confrontation Clause is concerned to impose reasonable limits on such cross-examination based
17 on concerns about, among other things, harassment, prejudice, confusion of the issues, the
18 witness's safety, or interrogation that is repetitive or only marginally relevant. See *Id.* at 1473,
19 quoting *United States v. Van Arsdall*, 475 U.S. 673, 679 (1986).

20 Additionally, the Ninth Circuit has held that for the purposes of applying Rule 412, the
21 term "past sexual behavior" includes all sexual behavior of the victim that precedes the date of
22 trial, even if that behavior occurred after the alleged assault. *See Torres*, 937 F.2d at 1472.
23 Therefore, the government's request to exclude all evidence or testimony concerning the victim's

24

sexual behavior or predisposition including any pre or post-offense conduct related to prostitution falls within the ambit of this rule[1].

Prior to admitting evidence under one of these exceptions, "the court must conduct a hearing in camera and afford the victim and parties a right to attend and be heard." Fed. R. Evid. 412(c)(2). In addition, any such "... motion, related papers, and the record of the hearing must be sealed and remain under seal unless the court orders otherwise." *Id.* Moreover, the defendant must provide written notice, in the form of a motion, of his interest to use such evidence at least 14 days prior to trial, unless the court, for good cause, sets a different time. Fed. R. Evid. 412(c)(1).

At this time, the defendant has not provided notice of his intent to admit such evidence. However, even assuming that he did, none of the exceptions of Rule 412(b) apply. The instant case does not involve an allegation of sexual assault such that the source of semen, injury, or other physical evidence would be pertinent. Nor is consent by a minor victim a defense to any of the crimes charged in the Indictment. Accordingly, the victim's alleged other sexual behavior or any alleged sexual predisposition has no place in this trial.

**III.  RULE 403 ALSO BARS ADMISSION OF EVIDENCE CONCERNING SEXUAL HISTORY OR PAST BEHAVIOR.**

Furthermore, Rule 403 is sufficient to preclude cross-examination of witnesses on their past sexual experiences when such testimony's probative value would be substantially outweighed by unfair prejudice, or lacks relevance to the alleged sexual offense. *See e.g., United States v. Anderson*, 139 F.3d 291 (1st Cir. 1998), cert. denied, 119 S.Ct. 158 (1998) and *United*

---

[1] It should be noted that they are limited instances where facts concerning the victim's prior work as a prostitute are inextricably intertwined with the present allegations, in these limited instances any cross examination should be limited to those intertwined facts and not viewed as opening the door to a broad review of evidence of past sexual behavior or to sexual predilection.

8

*States v. Griffith*, 284 F.3d 338, 352 (2d Cir. 2002) (evidence of past sexual behavior of victim inadmissible in transportation of minors for purposes of prostitution case); *see also Agard v. Portuondo*, 117 F.3d 696, 702-03 (2d Cir. 1997)(no violation of Confrontation Clause or Due Process where cross-examination questions were limited regarding victim's prior experience with anal intercourse because of highly prejudicial nature of testimony) *rev'd on other grounds by*, 529 U.S. 61, 120 S.Ct. 1119 (2000); *United States v. Bittner*, 728 F.2d 1038, 1042 (8th Cir. 1984)(no abuse of discretion in preventing cross-examination of witness regarding prior sexual incident with boyfriend for relevance and prejudicial reasons).

In *Anderson* and *Griffith*, the defendants were convicted of transporting individuals in interstate commerce with the intent that these persons engage in prostitution. *See Anderson*, 139 F.3d at 291; *Griffith*, 284 F.3d at 342. The First and Second Circuits upheld the district courts' decisions to limit the questioning of the minor victims concerning their relationships with men, their sexual histories, and even prior drug use. *Anderson* 139 F.3d at 303; *Griffith* 284 F.3d at 351-52. The courts reasoned that the limitations were not a violation of the defendants' Sixth and Fourteenth Amendment fair trial rights since the cross- examination would be irrelevant in proving the alleged offenses.

Likewise, in *Bittner*, it was found that the trial court did not abuse its discretion in prohibiting the cross-examination of a witness regarding a past sexual incident with a boyfriend in a kidnapping case. 728 F.2d at 1042. The court reasoned that the prior sexual incident was more prejudicial than probative and was not relevant to the alleged offense. *Id.*

In the present case, defense counsel's cross-examination of the witnesses regarding any sexual experiences outside of the charged offenses and time frame, either pre or post, should be prohibited since such information is irrelevant, is substantially more prejudicial then probative,

and is barred by Fed. R. Evid. 412. Not only are any such experiences completely unrelated to the current charges, and thus irrelevant, but questioning of the witnesses' unrelated sexual behavior will result in undue prejudice, confuse the issues, cause undue delay, waste the court's time, and certainly raise all of the concerns expressed by Congress when it enacted Rule 412. The disclosure of any pre or post-offense sexual experiences has little, if any, probative value, and would only be used to cast aspersions on the character of the victim.  Consequently cross-examination or inquiry in this area should be precluded.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court bar any defendant from admitting evidence relating to the issue of consent by the victim, or to prove that the victim allegedly engaged in other sexual behavior or to prove any purported sexual predisposition of the victim in any manner since not only is such evidence irrelevant and substantially more prejudicial than probative.

Respectfully submitted this 13th day of March, 2016.

DANIEL G. BOGDEN
United States Attorney

//s//
ALLISON L. HERR
Special Assistant United States Attorney

# CERTIFICATE OF SERVICE

I, Allison Herr, certify that the following individuals were served with a copy of the *GOVERNMENT'S MOTION IN LIMINE TO BAR EVIDENCE OF THE VICTIMS ALLEGED SEXUAL BEHAVIOR OR SEXUAL PREDISPOSITION PURSUANT TO RULE 403 AND 412* on this date by the below identified method of service:

**By Electronic Case Filing:**

Lucas Gaffney, Esq.
Attorney for Defendant Daniel Barnes

DATED:      March 13, 2016

*/s/ Allison Herr*

ALLISON HERR
Special Assistant United States Attorney