# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>DANIEL JAMES BARNES,<br><br>Defendant(s). | Case No. 2:13-CR-423 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Daniel Barnes' emergency motion to reconsider the magistrate judge's denial of defense counsel's motion to withdraw as counsel. (Doc. # 236). The United States has not filed a response.

Also before the court is defendant's motion to continue the trial in this matter. (Doc. # 238). The government has not filed a response.

Mr. Gaffney, defendant Barnes' counsel, objects to the magistrate judge's order denying his motion to withdraw. In the motion (doc. # 229), Gaffney argues that he should be allowed to withdraw from his representation from Mr. Barnes based on defendant's physical threats towards him.[1] Gaffney contends that given Mr. Barnes' threats, and his apprehension of physical attack during trial, he will not be able to effectively represent Barnes because of his animosity towards Barnes and his concerns for his own safety. Defendant Barnes filed a response to Gaffney's motion and does not oppose Mr. Gaffney's withdrawal. (Doc. # 235).

Having heard these arguments and considering the procedural history of this case, including Mr. Barnes' similar problems with previous counsel, the magistrate judge denied counsel's motion to withdraw. Mr. Gaffney has ordered an expedited transcript of the hearing

---

[1] On recorded prison telephone calls, Barnes has represented to a third party that he wishes to "knock out" or "lay hands on" Mr. Gaffney.

**James C. Mahan**
**U.S. District Judge**

before the magistrate judge. Defendant moves for a thirty-day continuance so that the court can review the *ex parte* representations that Gaffney made to the magistrate court before ruling on the motion to reconsider that court's denial of his motion.

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); LR 3–1(a) "A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1–3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law." LR 3-1(a).

"A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam,* 593 F.3d 1095, 1118 (9th Cir. 2010) (citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Global Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.,* 2012 WL 3884939, at *3 (D.Nev.2012).

First, the court finds that the continuance is not necessary. The court has reviewed the audio recording of the hearing in front of the magistrate judge. It does not therefore require a transcript of the hearing to decide the motion to reconsider—the record before the court is complete. This matter has been continued seven times prior to this order, and the court will not further delay proceedings based on counsel's emergency motion.

Second, the magistrate judge's denial of counsel's motion to withdraw was not clearly erroneous or contrary to the law. A trial court's decision whether to release counsel is an exercise of its discretion. *United States v. Williams*, 717 F.2d 473, 475 (9th Cir. 1983) (citing *Glavin v. United States*, 396 F.2d 725, 726 (9th Cir. 1968). Here, Judge Foley, while acknowledging Mr. Gaffney's concerns for his safety, found that those concerns could be addressed by this court during the trial.

Citing Mr. Barnes' similar history with both of his prior attorneys, the magistrate judge found that granting the motion to withdraw would not solve the problems put forth by Gaffney because Mr. Barnes would have the same problems with future counsel,[2] whose effectiveness would be similarly handicapped.

---

[2] Mr. Gaffney's concerns about his effectiveness are submitted in detail on the record. (*See* doc. # 236 at 3–4).

**James C. Mahan**
**U.S. District Judge**

- 2 -

The court finds that Judge Foley's exercise of the court's discretion was proper. The court is not "left with [a] definite [or] firm conviction that a mistake [was] committed. *See Ressam*, 593 F.3d at 1118. Judge Foley's denial of the motion was not contrary to the law. *See Global Advanced Metals*, 2012 WL 3884938 at 3. The motion to withdraw is therefore denied.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Daniel Barnes' emergency motion to reconsider the magistrate judge's denial of defense counsel's motion to withdraw as counsel (doc. # 236) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to continue the trial in this matter (doc. # 238) be, and the same hereby is, DENIED.

DATED March 30, 2016.

_____
UNITED STATES DISTRICT JUDGE