LUCAS J. GAFFNEY, ESQ.
Nevada Bar No. 12373
ORONOZ, ERICSSON & GAFFNEY LLC
1050 INDIGO DRIVE, SUITE 120
Las Vegas, Nevada 89145
Telephone: (702) 878-2889
Facsimile: (702) 522-1542
luke@oronozlawyers.com
*Attorney for Daniel Barnes*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL BARNES<br><br>Defendant. | CASE NO: 2:13-cr-00423-JCM-GWF<br><br>**RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO BAR EVIDENCE OF THE VICTIM'S ALLEGED SEXUAL BEHAVIOR OR SEXUAL PREDISPOSITION PURSUANT TO RULE 403 AND 412 [DOC. #218].** |

**Certification:** This Response is Timely Filed.

COMES NOW, Defendant, DANIEL BARNES, by and through his attorney of record LUCAS J. GAFFNEY, ESQ., and hereby submits his Response in Opposition to the Government's Motion in Limine to Bar Evidence of the Victim's Alleged Sexual Behavior or Sexual Predisposition Pursuant to Rules 403 and 412 of the Federal Rules of Evidence

///

///

///

///

This Response is made and based upon the following Points and Authorities, all pleadings and papers on file herein, and any oral argument deemed necessary by the Court.

DATED this 30th Day of March, 2016

ORONOZ & ERICSSON LLC

*/s/ Lucas Gaffney*
LUCAS J. GAFFNEY, ESQ.
Nevada Bar No.: 12373
*Counsel for Daniel Barnes*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

On February 10, 2016, the government filed its Second Superseding Indictment [Doc. # 201] charging the Defendant, Daniel Barnes ("Barnes") with one count of Conspiracy to Commit Sex Trafficking of a Child (18 U.S.C. 1591(a)(1),(b)(2),(c), and 1594(c)); one count of Transportation of a Minor for Prostitution (18 U.S.C. § 2423(a)); one count of Sex Trafficking of a Child (18 U.S.C. § 1591(a), (b)(2) and (c)); and one count of Conspiracy to Commit Sexual Exploitation of a Child (production of child pornography) (18 U.S.C. § 2251(a) and (e).

On March 13, 2016, the government filed its Motion in Limine to Bar Evidence of the Victim's Alleged Sexual Behavior or Sexual Predisposition.

**II.**

**LEGAL ARGUMENT**

**A. THE COURT SHOULD ADMIT L I M I T E D  EVIDENCE  OF J.M.'S EXPERIENCE AS A PROSTITUTE.**

Contrary to the Government's assumption, at trial, Mr. Barnes will not seek to introduce evidence of J.M.'s sexual behavior or predisposition for the purpose of proving J.M.'s consent to sex trafficking or sexual exploitation, unless the Government employs a theory that Barnes utilized force, fraud, or coercion against J.M. At this time, the Government does not appear to be proceeding under such a theory.

However, Mr. Barnes would seek to introduce the mere fact that J.M. had worked as a prostitute for a pimp both before she met Mr. Barnes, and after she and Mr. Barnes parted company. To be clear, Mr. Barnes would not seek to admit any specific sex act, or intimate detail, or sexual innuendo regarding J.M.'s experiences as a prostitute, only that she had worked

3

as a prostitute for a pimp prior to, and subsequent to, meeting Mr. Barnes.[1] Indeed, the government is likely to elicit the same information from their own witnesses in order to tell the complete story of this case. Thus, the introduction of this information would not lead to an invasion of privacy or sexual stereotyping. As such, Mr. Barnes submits that this evidence does not fall under the ambit of Federal Rule of Evidence 412, however, if this Court deems otherwise, the evidence would be admissible because its exclusion would violate Mr. Barnes' constitutional rights to due process, confrontation, and right to present a complete defense.[2]

The Government cites to Torres for the proposition that the Ninth Circuit has found FRE 412 applicable in a sex abuse case when a defendant attempted to impeach the victim to show her capability to fabricate a story [See Doc. # 218, page 7]. Specifically, in Torres, the defense sought to introduce an incident where the victim was potentially participating in an elicit sex act, which occurred six months after the charged offense. United States v. Torres, 937 F.2d 1469, 1472 (9th Cir. 1991). Torres is distinguishable from the instant case in that it discusses the application of FRE 412 in the context of rape and sexual assault. Id. In fact, FRE 412 is known as the federal rape shield law and the vast majority of the case law discussing its application pertains to cases of rape or sexual assault. As such, Mr. Barnes submits that the application discussed in Torres is inapplicable under the facts of this case because he does not seek to

---

[1] According to J.M.'s statement, she first met Barnes' co-defendant while working as a prostitute for another pimp. After J.M. and Barnes parted company, J.M. resumed working for the same pimp until the police arrested J.M. for prostitution. J.M.'s arrest prompted her to give an incriminating statement about her relationship with Barnes.

[2] To the extent the Court believes that Mr. Barnes has not complied with FRE 412's required 14-day disclosure. Mr. Barnes would submit that under FRE 412(c)(1), and based on the foregoing, this Court has good cause to admit the information pursuant to the Advisory Committee Notes, which states: "The rule recognizes that in some instances the circumstances that justify an application to introduce evidence otherwise barred by Rule 412 will not become apparent until trial."

introduce any sexual misconduct by J.M., but merely introduce the fact that J.M. had worked as a prostituted for a pimp who was not Mr. Barnes.

Furthermore, the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him" United States Constitution, Amendment VI. The Supreme Court has held that incorporated within the right to confrontation are two types of protections for a criminal defendant: "the right physically to face those who testify against him, and the right to conduct cross-examination." Pennsylvania v. Richie, 480 U.S. 39, 51 (1987) (*citing* Delaware v. Fensterer, 474 U.S. 15, 22 (1985)); *see also* Davis v. Alaska, 415 U.S. 308, 315-16 (1974) (explaining that the main and essential purpose of confrontation is to secure the opportunity of cross-examination). Here, the exclusion of Mr. Barnes' proposed cross-examination of J.M. regarding her activities as a prostitute would violate his constitutional right to confront the key witness against him.

The right to cross-examination "'includes the opportunity to show [not only] that a witness is biased, [but also] that the testimony is exaggerated or [otherwise] unbelievable.'" Fowler v. Sacramento Cnty. Sheriff's Dept., 421 F.3d 1027, 1035 (9th Cir. 2005) (quoting Ritchie, 480 U.S. at 51-52). In addition, "cross-examination may implicate the Sixth Amendment even if it is not certain to affect the jury's assessment of the witness's reliability or credibility." Id. at 1036 (*citing* Davis, 415 U.S. at 317).

Here, in a statement provided to Las Vegas Metropolitan Police Detective R. Leung, J.M., admitted she worked as a prostitute for a pimp named Maserati prior to meeting Mr. Barnes. J.M. indicated that Maserati gave her rules to adhere to while working for him as a prostitute. For example, Maserati told J.M. not to talk to other pimps, and not to look other pimps. J.M. also alleged that Mr. Barnes gave her similar rules. It is critical that Mr. Barnes be allowed to cross-examine J.M. about her relationship with Maserati in order to show the jury

5

there were sources other than Mr. Barnes where J.M. could have learned about the pimp-prostitute relationship, thereby raising reasonable doubt as to the details surrounding Mr. Barnes' alleged recruitment of J.M., which is an element of Trafficking of a Child (18 U.S.C. § 1591). Therefore, J.M.'s previous employment as a prostitute is relevant under Rule 401 of the Federal Rules of Evidence, and would not serve to confuse the jury. Nor would the information divert from the real issues in the case because the information is more probative than prejudicial under Rule 403 of the Federal Rules of Evidence.

Additionally, it is anticipated the government will argue to the jury that Mr. Barnes and Ms. Marquardt advertised J.M. online as a prostitute. The government will attempt to bolster this assertion by introducing expert testimony indicating it is common practice for pimps and prostitutes to advertise their services online.[3] In her statement, J.M. indicated that Maserati posted advertisements for her on Craig's List. As such, it is crucial that Mr. Barnes be allowed to present J.M.'s relationship with Maserati to the jury in order to show that J.M.'s knowledge about the common practice of pimps and prostitutes in this regard could have come from a source other than Mr. Barnes, thereby establishing reasonable doubt as to Mr. Barnes' guilt regarding J.M.'s recruitment.

Lastly, J.M. indicated in her statement that she met Ms. Marquardt while working as a prostitute, and that it was Ms. Marquardt's proposal that convinced her to work for Mr. Barnes. Highlighting J.M.'s initial interactions with Ms. Marquardt for the jury are critical to Mr. Barnes' defense in that they show Ms. Marquardt's role in the alleged recruitment process, and to what degree, if any, Mr. Barnes recruited, enticed, or harbored J.M., as alleged in Count 2.

---

[3] *See* government's Notice of Expert Testimony, page 2. [Doc. #182].

Based on the foregoing, it would violate Mr. Barnes' constitutional rights to exclude the aforementioned evidence which could potentially lead a jury to finding reasonable doubt regarding Mr. Barnes' guilt, as alleged by the government. Accordingly, if the Court deems that J.M.'s employment as a prostitute constitutes the kind of evidence contemplated by FRE 412, the Court must allow this evidence to be admitted because the exclusion of it would violate Barnes' Fifth Amendment right to due process, right to present relevant evidence and his Sixth Amendment right to confront and cross-examine witnesses, and to present a complete defense.

## CONCLUSION

Based on the above, Mr. Barnes respectfully requests that this Honorable Court allow Mr. Barnes, to present limited evidence regarding J.M.'s experience as a prostitute.

DATED this 30th Day of March, 2016         ORONOZ, ERICSSON & GAFFNEY, LLC

                                                         */s/ Lucas Gaffney*
                                                       LUCAS J. GAFFNEY, ESQ.
                                                       Nevada Bar No.: 12373
                                                       700 South Third Street
                                                       Las Vegas, NV 89101
                                                       *Counsel for Daniel Barnes*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of ORONOZ, ERICSSON & GAFFNEY LLC and on this 30th day of March, 2016, I did serve a true and correct copy of the foregoing by U.S. District Court CM/EMF Electronic Filing, to:

>ALISON HERR
>Assistant United States Attorney
>GREGORY DAMM
>Assistant United States Attorney
>333 Las Vegas Blvd. South, #5000
>Las Vegas, NV 89101
>Counsel for United States

By:   */s/ Lucas Gaffney*
       An employee of Oronoz, Ericsson & Gaffney LLC