UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:13-CR-423 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| DANIEL JAMES BARNES, | |
| Defendant(s). | |

Presently before the court is the United States' motion to increase security during trial. (Doc. # 231).[1] Defendant Daniel Barnes has not filed a response.

The government argues that Mr. Barnes has a history of violence. Defendant has recently threatened to "knock out" his own attorney, which was the basis for counsel's motion to withdraw, which the court denied. (Doc. ## 229, 233). The government asks the court to consider increased security measures, specifically shackling of the defendant, to ensure the security of all persons during the course of the trial.

The determination as to whether a defendant should be shackled during trial is within the sound discretion of the district court. *United States v. Cazares*, 788 F.3d 956, 963 (9th Cir. 2015). In exercising this discretion, the district court must: (1) be persuaded by compelling circumstances that some measure is needed to maintain the security of the courtroom; and, (2) pursue less restrictive alternatives before imposing physical restraints. *Id*.

The right to appear before a jury free of shackles is not absolute. *Wilson v. McCarthy,* 770 F.2d 1482, 1484-85 (9th Cir. 1985). Shackling is inherently prejudicial, but it is not *per se* unconstitutional. *See Spain v. Rushen,* 883 F.2d 712, 716 (9th Cir. 1989). Under certain

---

[1] The United States' motion also requests an order restricting defendant's contact with witnesses. The court addressed that part of the motion in a separate order. (*See* doc. # 234).

circumstances, "shackling . . . may be appropriate because of the public's competing interest in courtroom security and the just administration of law." *Id.* at 722 (citing *Allen v. Illinois,* 397 U.S. at 344). *Duckett v. Godinez*, 67 F.3d 734, 748 (9th Cir. 1995).

In deciding whether less restrictive alternatives to shackling exist, a trial court must begin by assessing the disadvantages and limitations if shackles are applied to a defendant. *Spain v. Rushen*, 883 F.2d at 721. Such disadvantages and limitations include (1) reversal of the presumption of innocence, (2) impairment of the defendant's mental ability, (3) impeding of communication between the defendant and his counsel, (4) detraction from the decorum of the trial, and (5) pain. *Id.* "After considering these factors, the trial judge 'must weigh the benefits and [these] burdens of shackling against other possible alternatives." *United States v. Cazares*, 788 F.3d 956, 965 (9th Cir. 2015) (quoting *Spain v. Rushen*, 883 F.2d at 721). The trial court need not hold a hearing or make explicit findings, however, before ordering a defendant shackled during trial. *Id.* at 886.

The United States represents that it has heard defendant Barnes make physical threats against his attorney during recorded phone calls with a third party. These threats include statements that he desires to "knock out" his attorney and that he may resort to "laying hands" on counsel. Mr. Barnes has similarly threatened to "choke out" a female acquaintance while he spoke to her on the phone during a recorded call.

During the United States' pre-plea criminal history investigation, it found that Mr. Barnes has been convicted of at least one crime of violence. The government argues that defendant has displayed a pattern of paranoia in his dealings with counsel, in his improper court filings, and during the recorded conversations. The government also reminds the court that one of Mr. Barnes previous attorneys in this matter withdrew after "Barnes engaged in verbal and physically aggressive behavior which caused [his prior attorney] to feel personally threatened."(Doc. # 117 at 3).

The court is persuaded by these compelling circumstances that increased measures are necessary to maintain the security of the courtroom. The court has considered less restrictive alternatives, but given Barnes' threats against the man who must share counsel table with him, it does not find that any less restrictive, practicable measure will maintain the security of the courtroom. The court has considered the *Spain* factors listed above and concludes that the benefits of maintaining security outweigh the burden on Mr. Barnes.

The court is cognizant of the prejudicial effect of the shackles against defendant. The court's staff and the United States Marshals Service shall exercise due care to ensure that defendant's shackles are not seen by any juror or prospective juror. Defendant will be brought into and out of the courtroom outside the jury's presence, and drapes will be placed around counsel table to obscure the jury's view of the restraints.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States' motion to increase security during trial (doc. # 231) be, and the same hereby is, GRANTED in part, consistent with the foregoing and the court's prior order. (Doc. # 234).

DATED March 31, 2016.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge