UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:13-CR-423 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| DANIEL JAMES BARNES, | |
| Defendant(s). | |

Presently before the court are the United States' motions *in limine* to admit expert testimony (doc. # 184)[1] and to bar evidence of the victim's alleged sexual behavior or sexual predisposition. (Doc. # 218).[2]

Also before the court are defendant Daniel James Barnes' renewed motion *in limine* to preclude bad act evidence (doc # 187)[3] and motion *in limine* to have the government's case agent testify first. (Doc. # 213).[4]

**I.    Background**

The defendant, Daniel Barnes is charged by superseding indictment with conspiracy to commit sex trafficking of a child in violation of 18 U.S.C. §1591(a),(b)(2), and (c), and 1594(c); sex trafficking of a child in violation of 18 U.S.C. §1591(a), (b)(2) and (c); transportation of a minor for prostitution in violation of 18 U.S.C. §2423(a); and conspiracy to commit sexual exploitation of a child in violation of 18 U.S.C. §2251(a) and (e). (*See* doc. # 201).

---

[1] Defendant filed a response. (Doc. # 195).

[2] Defendant filed a response. (Doc. # 249).

[3] The government filed a response (doc. # 197), and defendant filed a reply. (Doc. # 205).

[4] The government filed a response. (Doc. # 224).

**James C. Mahan**
**U.S. District Judge**

These charges arise out of allegations that the defendant, while posing as a pimp, exploited a fifteen year old girl by convincing her to work for him as a prostitute, transporting the girl to California and then back to Nevada for the purpose of having her work as a prostitute. Defendant is also accused of taking sexually explicit photos of the girl that were posted on a notorious website for the purpose of attracting "interest" in her as a prostitute.

## II.     Legal Standard

"The court must decide any preliminary question about whether . . . evidence is admissible." FED. R. EVID. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

"[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

## III.    Discussion

The court will address the motions in the order in which they were filed.

### A.     *The government's motion to admit expert testimony*

The government proposes to offer the expert testimony of Detective Anthony Petrulli under Federal Rule of Evidence ("FRE") 702. Detective Petrulli would offer testimony about the pimp-prostitute relationship and subculture. The detective has been involved in at least 200 prostitution

cases; has interviewed numerous pimps, prostitutes, and their customers; has previous experience as an expert; regularly attends training on the investigation of child prostitution; has participated in undercover operations involving the sex trade; and provides training to law enforcement in the areas of child and adult prostitution.

The defendant objects to the government's witness. He argues that the government's disclosure of Detective Petrulli's testimony was inadequate under Federal Rule of Criminal Procedure ("FRCP") 16. He also argues that the testimony is not relevant or necessary, that it is based on inadmissible hearsay, and that it fails to meet the *Daubert* standard for admissibility. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

First, defendant argues that the government's notice states only that the testimony will be based on his training and experience, which he contends is an insufficient explanation of the basis for defendant's opinions under FRCP 16(a)(1)(G). *See* FRCP 16(1)(1)(G) ("[t]he summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications"). The court has reviewed the government's FRCP 16 notice and finds defendant's argument unconvincing. (Doc. # 182).

The government provided a detailed summary of the government's planned use of the expert, indicating that he will provide opinions on the vocabulary and slang of the pimp-prostitute subculture, the relationship between a pimp and a prostitute, methods pimps employ to establish power and control over prostitutes, and other relevant topics. The government also set forth his qualifications, which, as a background expert witness, are also the basis for his opinions, which do not appear, based on the notice, to relate directly to the defendant or conduct charged here.

The summary does not, however, provide notice that Detective Petrulli will offer specific opinions about victim-witness "J.M.," the defendant, his codefendant Marquardt, or the relationship between the three. Similarly, it does not indicate that he will offer opinions about whether the defendant or any witnesses are pimps or prostitutes, and does not provide a basis for offering such opinion. The government may not therefore offer such testimony.

Defendant's remaining arguments are also unavailing. The evidence is relevant, is not unnecessarily cumulative, and is reliable. The Ninth Circuit has addressed the relevancy of expert testimony from qualified detectives on the pimp-prostitute subculture and found that the testimony is relevant to child sex trafficking charges and assists the jury. *See United States v. Brooks*, 610 F.3d 1186, 1195–96 (9th Cir. 2010). "By and large, the relationship between prostitutes and pimps

is not the subject of common knowledge." *Id.* (quoting *United States v. Taylor*, 239 F.3d 994, 998 (9th Cir. 2001).

The expert's qualifications in *Brooks* are indistinguishable from those of Detective Petrulli, except for the fact that Petrulli has prior experience as an expert witness, which the detective in *Brooks* did not. *See id.* The Ninth Circuit found that the *Brooks* testimony was both reliable and relevant under the standards put forth in *Daubert* and *Kumho*. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999); *Daubert,* 509 U.S. 579 (1993). Detective Petrulli's testimony is similarly relevant and reliable.

Finally, defendant argues that Detective Petrulli's reliance on interviews with pimps and prostitutes as the basis for his expertise constitutes the transmission of inadmissible hearsay in violation of the Confrontation Clause under *Crawford v. Washington*, 541 U.S. 36 (2004). He argues circuitously that even though none of the presumably thousands of individual statements the detective has analyzed to form his expertise are offered to prove the truth of the matters he is asserting, the fact that their utility is dependent on their truth makes them hearsay. The authority cited by defendant is either not on point, *see, e.g.*, *Williams v. Illinois*, 132 S. Ct. 2221 at 2268, or not binding and factually distinguishable. *See United States v. Meija*, 545 F.3d 179, 197 (9th Cir. 2008).

The court will admit the government's expert witness testimony, consistent with the foregoing. Because the government did not notify the defendant that the witness would offer his opinion about defendant or any witness, whether they are or were prostitutes or pimps, or their relationship with respect to each other, such testimony shall be precluded. The witness may testify only to the matters disclosed in the government's notice. (*See* doc. # 182).

B.  *Defendant's renewed motion to preclude bad act evidence*[5]

Defendant moves to preclude "a plethora of images, messages, and other Facebook posts[6] [(the "posts")] that are indicative of Barnes' alleged involvement in prostitution as well as other

---

[5] The court previously denied defendant's motion to exclude some of the same evidence on both similar and distinct grounds from those presented in its current motion. (Doc. # 148). Because the motion here is submitted on mostly distinguishable grounds, the court will address the arguments therein.

[6] The evidence defendant contests also include pictures, files, and communications found on an iPad and an iPhone seized in connection with Barnes' arrest. This order will not distinguish between evidence sourced from Facebook posts or from the electronic devices, but applies with equal force to evidence derived from each.

James C. Mahan
U.S. District Judge

- 4 -

uncharged bad acts." (Doc. # 187). He argues that the images and statements are not relevant to the conduct charged under FRE 402. He also asserts that any probative value the court finds in the Facebook posts is outweighed by unfair prejudice under FRE 403 and, finally, that the images and statements are evidence of defendant's character offered for an impermissible use under FRE 404(b)(1).

Defendant argues first that the posts lack probative value because, with the exception of a few items related to victim-witness J.M., they do not relate to the charges of child sex trafficking defendant faces, but instead relate to adult sex trafficking. He also asserts that the conduct charged here is specific to victim-witness J.M. and that the prostitution-related material from before and after defendant's relationship with J.M. is not relevant.

The court disagrees. As the government argues, defendant faces two conspiracy charges for ongoing schemes involving child sex trafficking and exploitation of a minor. His behavior outside the time period in which he worked with J.M. is therefore relevant to the ongoing conspiracy charges. Furthermore, even if the posts are related purely to adult prostitution, which is ultimately a question for the jury, a fact-finder's conclusion that the evidence indicates defendant is openly engaged in adult prostitution has a tendency to make the fact that he engages in child prostitution more likely than it would be without that evidence. *See* FED. R. EVID. 402.

The evidence is thus admissible as intrinsic to the conspiracy crimes charged in the second superseding indictment. Moreover, any evidence related to defendant's perception of himself as a pimp is evidence of motive, opportunity, intent, preparation, plan, knowledge, identity, and lack of accident under FRE 404(b)(2), which allows for the use of bad act evidence for those purposes.

Defendant's motion is therefore denied with respect to the posts about prostitution and any evidence related to the victim-witness J.M., his codefendant Marquardt, or communications between him and either. The defendant may of course object on independent grounds to any specific piece of evidence at trial.

The defendant also argues that other posts related to drugs, guns, and money, are inadmissible on similar grounds. On this, the court agrees with defendant. He has not been charged with any drug or gun violence charges, nor has the government offered any evidence that defendant actually owned any of the money he referenced or depicted in his Facebook posts. Any limited probative value such evidence has to show motive or opportunity is outweighed by unfair prejudice under FRE 403. Such evidence is therefore precluded.

James C. Mahan
U.S. District Judge

- 5 -

Defendant's motion is granted in part and denied in part, consistent with the foregoing.

C. *Defendant's motion to have the government's case agent testify first*

Defendant requests that the court order the government to call its case agent witness first. Defendant acknowledges that, even if he invokes the witness exclusion rule and the court orders all witnesses excluded so that they cannot hear other witnesses' testimony, the government's designated case agent may be present for the testimony of other witnesses under FRE 615(b). He argues that because the agent will be present for other witness' testimony, the court should use its power to maintain control over the mode and order of witness interrogation under FRE 611 to compel the government to call the case agent before he can hear the testimony of other witnesses.

Defendant relies on the Ninth Circuit case *United States v. Valencia-Riascos*. *See* 696 F.3d 938, 943 (9th Cir. 2012). The *Valencia-Riascos* court implicitly acknowledged that the trial court had the discretion to require case agent witnesses to testify first, but explicitly declined to require a trial court to do so. *Id.* "In closing, we observe that it may be a good practice to require case agent witnesses to testify first, but we decline to adopt a presumption that would deprive the prosecution of the opportunity to present its own case without interference." *Id.*

The government argues that "requiring the case agent to testify first, when there has been no evidence presented to the jury to summarize or alternatively, explain certain parts of the investigation that led up to the indictment in this matter, would make no sense at all." (Doc. # 224 at 4). The court agrees and will not "deprive the prosecution of the opportunity to present its own case without interference." *Valencia-Riascos*, 696 F.3d at 943.

Defendant's motion will therefore be denied.

D. *The government's motion to bar evidence of the victims' alleged sexual behavior or sexual predisposition*

The United States argues that defendant should be precluded from offering any evidence of the victim's consent to the charged conduct or to prove that the victim engaged in other sexual behavior or to prove any purported sexual predisposition of the victim at any point during the trial. Defendant indicates that he does not anticipate that he will argue a consent theory at trial.

Consent is not a defense to the crimes charged in the second superseding indictment. *See, e.g.*, *United States v. Williams*, 943 F.2d 388, 392 (4th Cir. 1991). The court will therefore grant the motion with respect to any evidence about consent.

**James C. Mahan**
**U.S. District Judge**

- 6 -

The defendant argues that the government appears to plan to offer evidence of victim-witness J.M.'s work as a prostitute both before and after the time she allegedly worked for defendant through the testimony of its own witnesses. He argues that he has a constitutional right to confront J.M. about her own statements about her prostitution work prior to and after his alleged relationship with her, as well as the statements of other witnesses about the same. *See* FRE 412(b)(C).

He argues further that the government will attempt to prove its child sex trafficking cases based on the "recruitment" liability prong in the criminal statute. *See* 18 U.S.C. § 1591. Defendant contends that he can rebut the government's argument by showing that the "recruiting" was done by J.M.'s prior pimp.

Defendant of course has a right to confront the government's witnesses against him. Without the context of trial, however, the court is unable to determine whether the evidence in question should be excluded. To the extent the government elicits testimony from its own witnesses regarding any victim's past or prior work as a prostitute, defendant is entitled to cross-examine the witnesses. The government may of course object to the content of that cross-examination, but the court will not make any preliminary ruling on these issues.

The United States' motion will be granted in part and denied in part.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States' motion *in limine* to admit expert testimony (doc. # 184) be, and the same hereby is, GRANTED, as limited by the foregoing.

IT IS FURTHER ORDERED that defendant Daniel James Barnes' renewed motion *in limine* to preclude bad act evidence (doc. # 187) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that defendant Daniel James Barnes' motion *in limine* to have the government's case agent testify first (doc. # 213) be, and the same hereby is, DENIED.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 7 -

1  IT IS FURTHER ORDERED that the United States' motion *in limine* to bar evidence of the victims' alleged sexual behavior or sexual predisposition (doc. # 218) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

DATED April 1, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**