UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff(s),<br><br>    v.<br><br>DANIEL JAMES BARNES,<br><br>                            Defendant(s). | Case No. 2:13-CR-423 JCM (GWF)<br><br>ORDER |

Presently before the court is the United States' motion *in limine* to exclude the testimony of defendant's expert witness. (Doc. # 260). Defendant Daniel James Barnes has not filed a response to the motion, which was filed on the eve of trial.

**I.    Background**

The government attacks the sufficiency of defendant's notice of his expert witness under Federal Rule of Criminal Procedure ("FRCP") 16(a)(1)(G), Federal Rule of Evidence ("FRE") 702, and the parties' joint discovery agreement. (Doc. # 46).

Defendant provided notice of his expert witness, Leon Mare, on September 24, 2014. (Doc. # 71). He also provided the government with a CD containing forensic extractions with a letter indicating the extractions are from Amber Marquardt's iPhone and iPad on January 29, 2016. The government represents that the letter contained no "sum and substance identifying what sort of forensic tool was utilized to conduct the extraction." (Doc. # 261 at 3).

The government argues that because the notice and letter contain no report or even a summary indicating the methodology used for the extraction analysis, which data, facts, or documents Mr. Mare relied on, or the opinions he will testify to and the basis for those opinions, his testimony should be excluded under *Daubert*, *Kumho*, and their progeny. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

### A. Motions in limine

"The court must decide any preliminary question about whether . . . evidence is admissible." FED. R. EVID. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

"[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

### B. Expert Testimony

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. FED. R. EVID. 702.

The district court serves a gatekeeper function in evaluating scientific testimony. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). When a district court is faced with a proffer of scientific testimony, it must make a preliminary determination under FRE 702 whether the

James C. Mahan
U.S. District Judge

- 2 -

reasoning or methodology underlying the testimony is scientifically valid. *Id.* at 592-93. A key question to be answered in determining whether a theory or technique is scientific knowledge that will assist the trier of fact will be whether it can be tested. *Id.* at 593.

The objective of this gatekeeping requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). This gatekeeping requirement applies not only to scientific testimony but to all expert testimony covered by FRE 702. *Id.* at 147-49.

FRE 702 requires a valid connection to the pertinent inquiry as a precondition to admissibility. *Id.* at 149 (quoting *Daubert*, 509 U.S. at 592). And where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question . . . the trial judge must determine whether the testimony has a reliable basis in the knowledge and experience of [the relevant] discipline. *Id.* (citations omitted). "[W]here foundational facts demonstrating relevancy or qualification are not sufficiently established, exclusion of proffered expert testimony is justified." *LuMetta v. United States Robotics, Inc.*, 824 F.2d 768, 771 (9th Cir. 1987).

### III.   Discussion

The court has reviewed defendant's notice of its expert witness. (*See* doc. # 71). The court agrees with the government that it is sorely lacking with respect to the (1) methodologies employed by Mr. Mare; (2) the opinions he intends to offer; (3) the documents relied upon in forming those opinions; and (4) what he is testifying about in the first place. The only thing the notice provides sufficient disclosure of are Mr. Mare's qualifications. The notice contains only one sentence related to the testimony he will offer at trial, the basis for that testimony, and the forensic methods employed:

> [d]efense counsel anticipates that Mr. Mare will testify regarding his forensic analysis of electronic equipment and data he has reviewed in this matter and about how Facebook and text messaging operate.

(Doc. # 71 at 1).

The proffered testimony regarding forensic analysis of electronic equipment and data falls under the scientific expert requirements of FRE 702 and *Daubert*. *See* 509 U.S. at 492. From the meager disclosure reproduced above, the court cannot ascertain whether (a) the testimony is based on sufficient facts or data, (b) the testimony is the product of reliable methods, or (c) the witness

**James C. Mahan**
**U.S. District Judge**

has reliably applied those methods to the facts because the defendant has not identified either the method employed or the facts it was applied to. *See* FED. R. EVID. 702(b)–(d).

Without such information, the court is unable to determine whether Mr. Mare's testimony will "help the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702(a). Moreover, the court cannot ascertain whether the reasoning or methodology underlying the testimony is scientifically valid. It cannot therefore perform its gatekeeper function under *Daubert*. *See* 509 U.S. at 592–93.

Based on the foregoing and the government's representations about the additional disclosure made on January 29, 2016, which are not before the court, the letter and CD submitted to the prosecution do not cure the deficiencies in the original notice. The government's motion will therefore be granted.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States' motion *in limine* to exclude the testimony of defendant's expert witness (doc. #260 ) be, and the same hereby is, GRANTED.

DATED April 1, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -