DANIEL G. BOGDEN
United States Attorney
CRISTINA D. SILVA
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
FAX: (702) 388-6418

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>DANIEL BARNES,<br><br>                    Defendant. | 2:13-cr-00423-JCM-GWF<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S RULE 29(c) MOTION (Doc. #290) |

COMES NOW the United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and Cristina D. Silva, Assistant United States Attorney, and files this timely response to defendant's *Motion for Acquittal* (Doc. #290) pursuant to Federal Rule of Criminal Procedure 29(c), which was filed by defendant, DANIEL BARNES, by and through his attorney, Lucas J. Gaffney, Esq., on April 19, 2016.

**I.     SUMMARY OF PROCEDURAL HISTORY AND BRIEF SUMMARY OF RELEVANT FACTS**

Defendant Daniel Barnes and his co-defendant Amber Marquardt were original charged by Complaint on September 23, 2013. Doc. #2.  Barnes made his initial appearance on November 18, 2013, before Magistrate Judge George Foley, Jr.

whereupon he was remanded to custody. Doc. #7. On November 26, 2013, the Federal Grand Jury returned a two count Indictment charging Barnes and Marquardt with violations of 18 U.S.C. §2423(a), *Transportation of a Minor for Prostitution*, and 18 U.S.C. § 1591(a)(1), *Sex Trafficking of a Child*, and 18 U.S.C. § 2, *Aiding and Abetting*. Doc. #14. Eleven months later, a Superseding Indictment was returned by the Grand Jury, which charged, in addition to the aforementioned criminal violations, additional count of *Sexual Exploitation of a Child* in violation of 18 U.S.C. §2251(a). Doc. #84.

On October 20, 2014, Amber Marquardt, pursuant to a plea agreement, pleaded guilty pursuant to count one of the superseding indictment. *See* Doc. #95 (change of plea minutes); #96 (plea agreement).

On February 10, 2016 a Second Superseding Indictment (Doc. #290) was returned by the Grand Jury charging Barnes with the following: (1) *Conspiracy to Commit Sex Trafficking of a Child* in violation of 18 U.S.C. §§ 1591(a),(b)(2), and (c), and 1594(c); (2) *Sex Trafficking of a Child* in violation of 18 U.S.C. §§ 1591(a), (b)(2) and (c); (3) *Transportation of a Minor for Prostitution* in violation of 18 U.S.C. § 2423(a); and (4) *Conspiracy to Commit Sexual Exploitation of a Child* in violation of 18 U.S.C. §§ 2251(a) and (e).

The case proceeded to trial on April 4, 2016.  During the course of the trial, the Government introduced testimonial evidence[1] numerous individuals including but not limited to Amber Marquardt, J.M. (the victim), Detective Richard Leung of the Las

---

[1]   The Government does not have access the trial transcripts at this time.  Consequently, any summary of any trial testimony included herein is based solely on the undersigned attorney's recollection.

Vegas Metropolitan Police Department (LVMPD), Detective Justin Petrulli (LVMPD), and Special Agent James Mollica from the Federal Bureau of Investigation. Det. Petrulli provided expert testimony regarding the pimp/prostitute subculture, to include street vernacular utilized by those involved in that subculture.

In additional witness testimony, the Government also introduced numerous pieces of physical evidence, including but not limited to cellphones, photographs of text messages between the victim and Barnes, printouts of postings and photographs from Barnes' Facebook page, pictures of hotel room keys a condom that was taken from J.M.'s person when she was arrested, rental car and GPS records from cars rented by Amber Marquardt, hotel records, J.M.'s birth certificate, and an iPad. *See generally* Doc. #279 (exhibit list).

On April 6, 2016, a jury returned a verdict of guilty as to all counts in the second superseding criminal indictment. Doc. #277 (verdict form). On April 19, 2016, the defendant filed his motion for acquittal pursuant to Fed.R.Crim.P. 29(c).  The Government files this timely response in opposition.

## II.     ARGUMENT

The Government respectfully requests that the Court deny defendant's motion for acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure.  In relevant part, the Rule 29(c) provides that:

> "(1) A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed.R.Crim.P. 29(c).

Under Rule 29(c), the District Court determines whether "…viewing the evidence in

3

the light most favorable to the government, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Ching Tang Lo*, 447 F.3d 1212, 1221 (9th Cir. 2006) (internal quotation marks and citation omitted); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Defendant contends that the Government failed to submit sufficient evidence to demonstrate a rational trier a fact could have found the defendant guilty beyond a reasonable doubt. Specifically, defendant argues that in regards to Counts 1, 2, and 4, the Government failed to demonstrate interstate commerce was affected. In regards to Counts 1 and 2, the defendant alleges that the Government failed to present sufficient evidence to demonstrate Barnes knew the victim was under the age of 18, acted with reckless disregard that the victim was under the age of the 18, or that he had a reasonable opportunity to observe the victim to ascertain she was under the age of 18. *See* Doc. #290 at 2-3. Finally, in regards to Count 3, defendant alleges there is insufficient evidence to show the defendant transported the victim from Nevada to California for purposes of prostitution. Defendant errs in his allegations.

**A. The Government Proved Beyond a Reasonable Doubt that Interstate Commerce was Affected in regards to Counts 1, 2 and 4, and that the Victim was Transported from Nevada to California Specifically to be Sex Trafficked as Alleged in Count 3.**

Over 15 years ago, Congress has made a specific finding that there is a market for sex trafficking. *See* Victims of Trafficking and Violence Protection Act of 2000, Pub.L.No.106-386, 114 1464, 1466 (2000). Following that report, the Ninth Circuit and her sister courts have held that sex trafficking affects both foreign and interstate commerce, and have broadly interpreted how it impacts such commerce. *See United*

4

*States v. Todd*, 627 F.3d 329, 331, 333 (9th Cir.2010) (holding interstate commerce element satisfied by evidence of advertisements in Craigslist and Seattle Weekly); *United States v. Phea*, 755 F.3d 255, 263 (5th Cir.2014) (holding interstate commerce element satisfied by evidence of the use of a mobile phone, advertisement for prostitution services on the internet, and a customer from out-of-state); *United States v. Evans*, 476 F.3d 1176, 1179–80 (11th Cir.2007) ("Evans's enticement of Jane Doe to commit prostitution, even though his actions occurred solely in Florida, had the capacity when considered in the aggregate with similar conduct by others, to frustrate Congress's broader regulation of interstate and foreign economic activity.... Evans's use of hotels that served interstate travelers and distribution of condoms that traveled in interstate commerce are further evidence that Evans's conduct substantially affected interstate commerce.").

The Ninth Circuit has also long held that use of a telephone is a facility in interest commerce. *See Spilker v. Shayne Labs, Inc.,* 520 F.2d 523, 525-26 (9th Cir. 1975) (intrastate use of the telephone constitutes the use of an "instrumentality of interstate commerce" under § 10 of the Securities Exchange Act of 1934 ("1934 Act"); *see also United States v. Nader,* 542 F.3d 713 (9th Cir. 2008) (intrastate telephones use a facility of interstate commerce); *United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir.2007) (holding that the electronic submission of information across state lines qualifies as "in or affecting interstate commerce" (internal quotation marks and brackets omitted)).

Further, courts across the country have repeatedly held that use of the internet

satisfies the interstate commerce requirement.  As the Third Circuit held in *United States v. MacEwan*, given "the very interstate nature of Internet, once a user submits a connection request to a website server or an image is transmitted from the website server back to the user, the data has traveled in interstate commerce." 445 F.3d 237, 244 (3d Cir.), cert. denied, 549 U.S. 882 (2006); *see also United States v. Mellies*, 329 Fed. Appx. 592, 606–07 (6th Cir. May 15, 2009) (Unpub.Disp.) ("[T]he district court did not err in instructing the jury that 'any image of child pornography that was transmitted or received over the Internet moved in interstate commerce' "); ("Transmission of photographs by means of the Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce"); *United States v. Runyan*, 290 F.3d 223, 239 (5th Cir.2002) ("We join the First Circuit in holding that '[t]ransmission of photographs by means of the Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce' for the purposes of 18 U.S.C. § 2251," quoting *United States v. Carroll*, 105 F.3d 740, 742 (1st Cir.1997)).

During the course of the three day trial in this case, the Government introduced evidence that the defendant is a pimp who exploited a fifteen year old victim J.M., with assistance from his co-conspirator Amber Marquardt, by convincing her to work for him as a prostitute. The testimony of Marquardt and J.M. proved beyond a reasonable doubt that J.M. was picked up with the specific purpose of having her work as a prostitute for Barnes. Further, their testimony also demonstrated that the defendant and Marquardt transported J.M. from the state of Nevada to the state of California to

1   work as a prostitute, and for no other reason.  The victim was transported in a rental

2   car that was rented from a business in California and then driven back and forth

3   between California and Nevada utilizing interstate highways.

4         The intent to prostitute J.M. was corroborated by text messages that were

5   introduced during the trial, as well as the sexually explicit photos of J.M. that were

6   taken by Marquardt, at the direction of Barnes. The text messages exchange between

7   the victim and Barnes, which were identified by the victim, were full of language

8   associated with prostitution. *See* Govt. Ex. 7. For example, the victim often referred to

9   the defendant as "Daddy." Other text messages discussed "working" and "getting

10  money."  Significantly, Barnes sent the victim a text message that read "Lets get

11  hoeing."  *Id.* at 13 of 17. That language, as explained by the law enforcement officers

12  who testified during the Government's case-in-chief, clearly demonstrates prostitution

13  activities.  Barnes' direct "Lets get hoeing" demonstrates that he is in fact, a pimp, and

14  was ordering J.M. to go out and work as a prostitute for him.

15        In addition, the Government introduced the sexually explicit photos of the victim

16  that had been uploaded along with an advertisement onto www.myredbook.com, a

17  notorious prostitution-related website, in order to attract "customers" (aka "Johns") for

18  pay for sex acts with J.M. The photographs were taken utilized an iPad, and where

19  uploading while Barnes, Marquardt, and J.M. were traveling from Nevada to

20  California. The text of the advertisement on myredbook.com read:

> "Hello gentlemen my name is Shi, I'm new in the area and would love to show u how Las Vegas women do things!... ...I will do any and everything your mi d can think of....if unlike what u see feel free to call me.... P.s. please ask for me when u call me and my friend christinasnow use the

same phone....u can look her up as well if u want to... All pictures see of me are the only ones I have so please don't ask me to text u any pix thanks :-*." *See* Govt. Ex. 8.

A copy of that advertisement was introduced at trial. The advertisement revealed that at the time it was recovered (printed out) for evidentiary purposes, it had been viewed the website over 3000 times.

Stated otherwise, the Government introduced evidence that the defendant used the telephone, the internet, hotel rooms, rental cars, and interstate highways to commit offenses in Counts 1, 2, and 4 of the second superseding indictment. Applying the holdings in *Todd, Phea, Nader*, and *Evans,* to the aforementioned charges clearly demonstrates the Government proved that interstate commerce was affected. Similarly, the testimony of Amber Marquardt and J.M., together with the text messages, hotel receipts, hotel room keys, condom, and myredbook.com advertisement clearly demonstrate that Barnes transported J.M. from Nevada to California to the purpose of committing acts of prostitution. In fact, there is *no* other evidence that J.M. was transported from Nevada to California for any other reason but to commit acts of prostitution for Barnes.

**B. The Government Presented Sufficient Evidence to Demonstrate that the Defendant Knew J.M., the victim, Was Under the Age of 18, Acted with Reckless Disregard that the Victim was Under the Age of the 18, Or That He Had a Reasonable Opportunity to Observe the Victim to Ascertain She was Under the Age of 18.**

The defendant summarily contends that the Government failed to present sufficient evidence to demonstrate that the defendant knew J.M. was under the age of 18, acted with reckless disregard that to fact that the victim was under the age of the

18, or that he had a reasonable opportunity to observe the victim to ascertain she was under the age of 18, as alleged in Counts 1 and 2 of the second superseding indictment. Defendant provides no evidence or argument in support of this allegation. Accordingly, his motion for acquittal on these grounds should be summarily denied. Nonetheless, the Government submits it met its burden in proving the aforementioned elements of criminal violations in Counts 1 and 2 of the second superseding indictment. J.M. specifically testified to the fact that she told Barnes that she was 16 years old. In fact J.M. admitted on the stand that in truth, at the time of the offense she was 15 and lied to the Barnes. However, that lie is insignificant because either way, J.M. was under the age of 18. Further, the evidence demonstrated that Barnes recklessly disregarded J.M.'s age. The evidence demonstrated that J.M. had no identification on her. That fact alone is sufficient to demonstrate reckless disregard. An individual who acts with care would certainly inquire as to why an adult has no form of identification. Turning a blind eye to that fact is reckless disregard. Further, the defendant spent numerous days with the victim, some of which was confined to a car driving from Nevada to California. Certainly the defendant observed the fact that the victim was young and immature. The jury was able to see and evaluate J.M.'s demeanor during her testimony. Common sense and observation of J.M. would demonstrate to a careful and rational person that J.M. was a minor at the time of the offense.

### III.   CONCLUSION

WHEREFORE, after consideration of the included facts, points, authorities, and arguments, and because a rational trier of fact can find the defendant guilty of all

counts as charged in the second superseding indictment, defendant's motion for acquittal under Rule 29(c) motion should be denied.

DATED this 5th day of May, 2016.

Respectfully Submitted,

DANIEL G. BOGDEN
United States Attorney

/s/ *Cristina D. Silva*
_____
CRISTINA D. SILVA
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I, Cristina D. Silva, certify that the following individual was served with a copy of the GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S *Motion for Acquittal* (Doc. #290) on this date by the below identified method of service:

Electronic Case Filing
Lucas Gaffney, Esq.
Counsel for defendant - BARNES
1050 Indigo Drive, Suite 120
Las Vegas, NV 89145

DATED:       May 5, 2016

                              */s/ Cristina D. Silva*
                              CRISTINA D. SILVA
                              Assistant United States Attorney