UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>DANIEL JAMES BARNES,<br><br>Defendant(s). | Case No. 2:13-CR-423 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Daniel James Barnes' motion for acquittal. (ECF No. 290). The government filed a response. (ECF No. 296). Defendant has not filed a reply, and the time for doing so has passed.

**I.  Background**

Defendant was charged by way of a second superseding indictment filed on February 10, 2016. (ECF No. 201). The four-count indictment charged defendant with the following crimes: conspiracy to commit sex trafficking of a child (count 1);[1] sex trafficking of a child (count 2);[2] transportation of a minor for prostitution (count 3);[3] and conspiracy to commit sexual exploitation of a child (count 4).[4] (*Id.*)

The parties proceeded to trial on April 4, 2016. The jury returned a verdict on April 6, 2016, and convicted Mr. Barnes on all four counts. (ECF No. 276). Defendant moved for a

---

[1] Count 1 is a violation of 18 U.S.C. §§ 1591(a), (b)(2),(c), and 1594(c)

[2] Count 2 is a violation of 18 U.S.C. §§ 1591(a), (b)(2), and (c).

[3] Count 3 is a violation of 18 U.S.C. § 2423(a).

[4] Count 4 is a violation of 18 U.S.C. §§ 2251(a) and (e).

**James C. Mahan**
**U.S. District Judge**

judgment of acquittal under Federal Rule of Criminal Procedure ("Rule") 29(a) after the government had presented its case-in-chief. Barnes now moves to renew his motion under Rule 29(c). (*See* ECF No. 290).

## II.     Legal Standard

A defendant may move for a judgment of acquittal, or renew such a motion, within fourteen days after a guilty verdict. FED. R. CRIM. P. 29(c). Such a motion is reviewed for sufficiency of the evidence. *United States v. Stoddard*, 150 F.3d 1140, 1144 (9th Cir. 1988).

"The standard of review for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Inzunza*, 638 F.3d 1006, 1013 (9th Cir. 2009) (emphasis in original) (internal quotation marks omitted) (citing *Jackson v. Virginia*, 443 U.S. 307, 318 (1979) (explaining that "the critical inquiry" is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt")).

"[The] district court must bear in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002). "Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." *United States v. Reyes-Alvarado*, 963 F.2d 1184, 1188 (9th Cir. 1992).

## III.    Discussion

Defendant argues that the government failed to present sufficient evidence to demonstrate that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. (*See* ECF No. 290). With respect to counts 1, 2, and 4, defendant maintains that the government failed to demonstrate beyond a reasonable doubt that the charged conduct affected interstate commerce. (*Id.*)

With respect to counts 1 and 2, he also argues that the prosecution failed to offer sufficient evidence that Barnes either (i) knew the victim was under the age of eighteen, (ii) acted with

**James C. Mahan**
**U.S. District Judge**

- 2 -

reckless disregard to the fact that the victim was under the age of eighteen, or (iii) had a reasonable opportunity to observe the victim to ascertain that she was under the age of eighteen. (*Id.*)

Finally, with respect to count 3 only, Barnes argues that the government provided insufficient evidence to prove that he transported the victim from Nevada to California for the purpose of prostitution.

### A. Interstate Commerce

The court finds that the government offered sufficient evidence to prove beyond a reasonable doubt that the conduct charged in counts 1, 2, and 4 affected interstate commerce. First, the Ninth Circuit has held that use of the internet qualifies as an electronic transmission across state lines and satisfies the jurisdictional element of "in or affecting interstate commerce." *See United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007). That is the very element the government must prove to meet the jurisdictional requirements of crimes charged in counts 1, 2, and 4. *See* 18 U.S.C. §§ 1591(a) and 2251(a); (ECF No. 201).

At trial, the government presented significant documentary and testimonial evidence that Barnes used the internet website www.myredbook.com ("Redbook") to post sexually explicit photos of the victim in this matter ("J.M.") for the express purpose of attracting customers for prostitution. In doing so, he made use of the internet to further his criminal conduct, both in and affecting interstate commerce. The government produced evidence of Barnes' involvement in both the creation of the advertisement for Redbook and the actual posting of the advertisement on the website. The Ninth Circuit has held that the use of a similar website for advertising prostitution, *i.e.* www.craigslist.org, satisfied the interstate commerce element of § 1591, one of the statutes with which defendant was charged here. *See United States v. Todd,* 627 F.3d 329, 333 (9th Cir. 2010).

Beyond Barnes' use of Redbook, the government also produced evidence that he communicated with the victim and codefendant Amber Marquardt via text messages sent by cellular phone. The Ninth Circuit has observed that "it can not be questioned that the nation's vast network of telephone lines constitutes interstate commerce." *Sutcliffe*, 505 F.3d at 952 (quoting *United States v. Holder*, 302 F.Supp. 296, 298 (D.Mont.1969), *aff'd and adopted*, 427 F.2d 715

**James C. Mahan**
**U.S. District Judge**

(9th Cir.1970) (*per curiam*)). The text messages contained numerous slang-based references *to* and direct discussion *of* Barnes' prostitution of victim J.M., which evidence was bolstered by the testimony of the government's expert on the pimp-prostitute subculture.

Finally, the government introduced substantial testimonial and documentary evidence of Barnes' literal transportation of J.M.—aided by codefendant and witness Marquardt—from Nevada, *across state lines* to California. The government offered evidence that the car used to transport the prostitutes was rented from a business in California and driven back and forth between Nevada and California on interstate highways. The prosecution also produced hotel receipts and room keys that indicated the defendants made use of hotel rooms in hotels that cater to interstate travelers.

"Stated otherwise, the [g]overnment introduced evidence that the defendant used the telephone, the internet, hotel rooms, rental cars, and interstate highways to commit the offenses in [c]ounts 1, 2, and 4 of the second superseding indictment." (ECF No. 296 at 8). Having reviewed the trial record, and viewing such evidence in the light most favorable to the prosecution, the court finds that a rational trier of fact could find beyond a reasonable doubt the conduct charged against Barnes in counts 1, 2, and 4 took place in or affecting interstate commerce. *See* 18 U.S.C. §§ 1591(a) and 2251(a); *Inzunza*, 638 F.3d at 1013.

B.  *Defendant's knowledge, disregard for, or opportunity to observe the victim's age*

To be guilty of committing the crime of sex trafficking of a child or conspiracy to commit sex trafficking of a minor, counts 1 and 2, under 18 U.S.C. § 1591, a person must know or be "in reckless disregard of the fact . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act." 18 U.S.C. § 1591(a)(2). However, if "the defendant had a reasonable opportunity to observe the person . . . , the [g]overnment need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years." 18 U.S.C. § 1591(c).

In other words, in order to sustain convictions on counts 1 and 2, the government must show that it offered sufficient evidence to demonstrate beyond a reasonable doubt that Barnes (a) knew J.M. was not yet eighteen, (b) recklessly disregarded the fact that J.M. was not yet eighteen,

James C. Mahan
U.S. District Judge

- 4 -

or (c) had a reasonable opportunity to observe that J.M. was not eighteen. *See* 18 U.S.C. §§ 1591(a)(2) and (c).

Defendant maintains that the prosecution failed to do so, but fails to offer any argument supporting his position. The government argues that it presented evidence at trial that supports a jury finding under any of the three available theories discussed above. The court agrees.

At trial, victim-witness J.M. testified that she told Barnes she was sixteen. She testified that she was in fact fifteen at the time of the offense, but lied to Barnes. (ECF No. 287 at 43–44; trial Tr. Vol 2, p. 176, lines 6–16). Regardless of the lie, she represented to Barnes that she was not yet eighteen. A reasonable factfinder could draw a reasonable inference that he either knew, or given that he was *explicitly told so* by the victim herself, recklessly disregarded the fact that she was not yet eighteen. Moreover, the prosecution offered evidence that J.M. had no identification during her time with Barnes. The jury could rationally conclude that an individual acting with care would have inquired about proof of age and why an adult did not possess any form of identification.

Further, the government provided sufficient evidence for a rational trier of fact to conclude that Barnes had a reasonable opportunity to observe the victim-witness under 18 U.S.C. § 1591(c). The evidence introduced at trial demonstrated that Barnes spent a handful of days and nights with J.M. either in route between California localities or between California and Nevada, or in hotel rooms rented in both states.

A rational trier of fact could have concluded that the large amount of time Barnes spent with J.M. concentrated in a period of approximately one week provided a "reasonable opportunity to observe" J.M. *See* 18 U.S.C. § 1591(a). Because J.M. testified at trial,[5] the jurors also had an opportunity to observe the victim themselves and draw reasonable inferences about her demeanor, appearance, and maturity that could rationally support a finding that Barnes either had a reasonable opportunity to observe her or recklessly disregarded her age.

The court finds that the government produced sufficient evidence for a rational trier of fact to conclude that it had shown beyond a reasonable doubt that Barnes (a) knew J.M. had not attained the age of eighteen, (b) recklessly disregarded the fact that J.M. had not attained the age of

---

[5] J.M. was *actually* 18 years old at the time of her trial testimony.

James C. Mahan
U.S. District Judge

- 5 -

1  eighteen, or (c) had a reasonable opportunity to observed J.M. *See* 18 U.S.C. §§ 1591(a)(2) and
2  (c); *Inzunza*, 638 F.3d at 1013.

       C.       *Transportation from Nevada to California*

Defendant summarily argues that the government "failed to present sufficient evidence that Mr. Barnes transported J.M. from Nevada to California for the purpose of prostitution," an element of the charge in count 3. *See* 18 U.S.C. § 2423(a); (ECF No. 290 at 3). The government contends that it did provide evidence sufficient to sustain the conviction on count 3. The court agrees.

As discussed above, the government produced evidence of hotel receipts, rental car receipts, and hotel room keys that indicate Barnes transported J.M. and Marquardt to California for the purposes of prostitution. The documentary evidence was supplemented with corroborating testimony from codefendant Marquardt, victim-witness J.M., and custodial witnesses from the hotels and the rental car business that supplied the vehicle Barnes used to transport the victim back and forth between California and Nevada.

The government also introduced the text of the Redbook advertisement into evidence, which reads:

> Hello gentlemen my name is Shi, I'm new in the area and would love to show u how Las Vegas women do things!... ...I will do any and everything your mi d can think of....if unlike what u see feel free to call me.... P.s. please ask for me when u call me and my friend christinasnow use the same phone....u can look her up as well if u want to... All pictures see of me are the only ones I have so please don't ask me to text u any pix thanks :-*.

Gov. Trial Ex. 8. From the text of the ad, a reasonable juror could reasonably infer that J.M. was from Las Vegas, but was currently in another location. Taking that evidence, together with the text messages related to prostitution activity, hotel room evidence, and testimony of Marquardt, J.M., and the custodial witnesses from the hotels and rental car business in the light most favorable to the government, the court concludes that a rational trier of fact could find beyond a reasonable doubt that Barnes transported J.M. from Nevada to California for the purpose of prostitution.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

### IV. Conclusion

Based on the foregoing, defendant's motion for acquittal is denied. The government has demonstrated that it offered sufficient evidence to sustain the jury's convictions on all four counts of the second superseding indictment.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Daniel James Barnes' motion for acquittal (ECF No. 290) be, and the same hereby is, DENIED.

DATED June 10, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**