UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>DANIEL JAMES BARNES,<br><br>Defendant(s). | Case No. 2:13-CR-423 JCM (GWF)<br><br>ORDER |

Presently before the court is Daniel Barnes's *pro se* motion for compassionate release under the First Step Act. (ECF No. 365). The government filed a response (ECF No. 367). Barnes's appointed federal public defender filed a notice of non-supplementation. (ECF No. 370).

## I. Background

On April 6, 2016, a jury found Barnes guilty of conspiracy to commit sex trafficking a child, sex trafficking a child, transportation of a minor for prostitution, and conspiracy to commit sexual exploitation of a child. (ECF No. 277). Barnes was sentenced to 360 months in custody, followed by a lifetime term of supervised release. (ECF No. 315). On August 6, 2021, Barnes filed a motion for compassionate release (ECF No. 346), which this court denied. (ECF No. 356). Barnes now brings his second motion for compassionate release. (ECF No. 365).

## II. Discussion

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion for compassionate release and reduce his term of incarceration to time served. Before filing such a motion, the defendant must first petition the Bureau of Prisons ("BOP") for

**James C. Mahan**
**U.S. District Judge**

compassionate release. *Id.* The court may grant the defendant's motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

To grant compassionate release, the court must consider whether: (1) "extraordinary and compelling reasons" warrant release; (2) release would be "consistent with applicable policy statements issued by the Sentencing Commission;" and (3) release is warranted under the "particular circumstances of the case" based on the factors outlined in 18 U.S.C. § 3553(a). *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy *any* of these grounds." *Id.*

Under the most recent U.S. Sentencing Guidelines amendment, "extraordinary and compelling reasons" include (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was a victim of abuse while serving his term of imprisonment; and (5) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described above warrant compassionate release." U.S.S.G. 1B1.13(b).

The court need not "provide a lengthy explanation" for its decision on compassionate release so long as "context and the record reflect that [it] considered the defendant's substantive arguments and offered a reasoned basis" for its decision. *Wright*, 46 F.4th at 950 (citations omitted). Ultimately, the decision to grant or deny compassionate release is within the district court's discretion, but the defendant bears the burden of establishing his eligibility for compassionate release. *Id.* at 951; *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

James C. Mahan
U.S. District Judge

Barnes argues that extraordinary and compelling reasons exist under U.S.S.G. §§ 1B1.13(b)(1)(B) and (C) because of his medical circumstances. (ECF No. 365 at 4). Barnes does not explain the basis for his request. (*Id*. at 6). Instead, he attaches his medical records and leaves it to the court to determine whether he is eligible for compassionate release. (*Id*.) The government opposes, arguing that Barnes has failed to show that extraordinary and compelling reasons exist, and the sentencing factors weigh against his release. (ECF No. 367).

The court finds that Barnes has not demonstrated that extraordinary and compelling reasons exist to grant compassionate release. His medical records indicate that there has been no significant change in his lung condition since his last examination in July 2022. (ECF No. 365 at 19).

The nurse practitioner noted Barnes was not in acute distress and he did not suffer from respiratory distress. (*Id*.). He was recommended to increase aerobic activity to improve his difficulty breathing. (*Id*.). Barnes has not provided evidence that his medical condition is an extraordinary and compelling reason pursuant to U.S.S.G. 1B1.13(b).

Additionally, consideration of the sentencing factors weighs heavily against Barnes's request for compassionate release. He has served less than half of a 30-year sentence for serious offenses involving the exploitation of a 15-year-old girl, which reflects a pattern of criminal conduct. (ECF No. 367 at 8).

Moreover, Barnes has been convicted of multiple felonies and repeated violations of supervision. (*Id.*). Releasing him early would undermine the seriousness of his offenses and fail to promote respect for the law or adequately protect the public.[1]

. . .

---

[1] Moreover, the court declines to make a placement recommendation. (*See* ECF No. 370).

**James C. Mahan**
**U.S. District Judge**

- 3 -

**III.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Barnes's motion for sentence reduction (ECF No. 365) be, and the same hereby is, DENIED.

DATED June 30, 2025.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -